United States District Court for the
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| Stacy Yohannan and Sabu Yohannan, | § § § | |
| *Plaintiffs*, | § § | Case No. 3:17-cv-892 |
| v. | § § | |
| Raymond Eugene Daniel and Fidelity Freight, L.L.C., | § § § | [formerly Cause No. DC-17-01881 in the 68th District Court of Dallas County, Texas] |
| *Defendants*. | § § § | |

# EXHIBIT A

FILED
DALLAS COUNTY
2/15/2017 4:02:38 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

CAUSE NO. DC-17-01881

| | | |
|---|---|---|
| STACY YOHANNAN and SABU YOHANNAN, | § § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | |
| VS. | § § | |
| RAYMOND EUGENE DANIEL and FIDELITY FREIGHT, L.L.C. | § § § § | DALLAS COUNTY, TEXAS |
| Defendants | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGIANL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW, STACY AND SABU YOHANNAN, Plaintiffs in the above-entitled and numbered cause of action, and files this their Plaintiffs' Original Petition complaining of RAYMOND EUGENE DANIEL and FIDELITY FREIGHT, LLC, Defendants, and would respectfully show the Court as follows:

**1.00 LEVEL OF DISCOVERY CONTROL PLAN**

**1.01** Discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

**2.00 PARTIES**

**2.01** Stacy Yohannan is a natural person and a resident of Garland, Dallas County, Texas. The last 3 digits of Plaintiff's driver's license number are 904 and the last 3 digits of her Social Security number are 605.

**2.02** Sabu Yohannan is a natural person and a resident of Garland, Dallas County, Texas.

PLAINTIFFS' ORIGINAL PETITION                                                                                        Page 1

The last 3 digits of Plaintiff's driver's license number are 719 and the last 3 digits of his Social Security number are 521.

**2.03** <u>RAYMOND EUGENE DANIEL</u> is an employee of Defendant Fidelity Freight, LLC and may be found at 203 Bradley Road, Jackson, Butts County, Georgia 30233. Defendant Raymond Eugene Daniel is a non-resident driver and thus may be <u>served with process by serving the Texas Secretary of State, Statutory Documents Section – Citations Unit located at P.O. Box 12079, Austin, Texas 78711-2079</u> pursuant to Tex. Civ. Prac. Rem. Code § 17.026(a), 17.041, 17.042(2) and 14.044(b).

**2.04** <u>FIDELITY FREIGHT, LLC</u> is incorporated in the State of Georgia. Fidelity Freight's principal place of business is 523 Misty Meadow Pl., Lilburn, GA 30047. Fidelity Freight, LLC has a history of doing and is currently doing business in Texas. Defendant is a foreign limited liability company without a registered agent for process in Texas and may be <u>served with process by serving the Texas Secretary of State, Statutory Documents Section – Citations Unit located at P.O. Box 12079, Austin, Texas 78711-2079</u> pursuant to Tex. Civ. Prac. Rem. Code § 17.026(a), 17.041, 17.042(2) and 14.044(b).

**3.00   JURISDICTION AND VENUE**

**3.01** The damages sought are within the jurisdictional limits of the court. Plaintiffs Stacy and Sabu Yohannan seek monetary relief over $200,000.00 but not more than $1,000,000.00. Plaintiffs demand judgment for all the other relief to which they deem themselves justly entitled.

**3.02** Pursuant to §15.002 of the Texas Civil Practice & Remedies Code, venue is proper in Dallas County, Texas as Plaintiffs reside in Dallas County, Texas and the location of the accident in question is Dallas County, Texas.

**4.00     FACTUAL BACKGROUND**

**4.01**     On or about April 6, 2016, at approximately 6:14 a.m. Defendant Raymond Eugene Daniel was operating a Freightliner traveling westbound on Interstate Highway 30 in the middle lane. Plaintiff Stacy Yohannan was traveling westbound on Interstate Highway 30 in the far right-hand lane. Defendant made an unsafe lane change and collided with Plaintiff's front, driver-side door and tire causing Plaintiff's vehicle to wrap around the front right headlight of Defendant's Freightliner and get hooked and dragged for a considerable distance before Defendant stopped his Freightliner. The collision caused serious injuries to Mrs. Yohannan. At the time of this accident, Defendant Daniel was in the course and scope of his employment with Defendant Fidelity Freight, LLC.

**5.00     CAUSES OF ACTION – RAYMOND EUGENE DANIEL**

**5.01**     At all times relevant to this incident, Defendant Raymond Eugene Daniel had a duty to act as a reasonable employee and truck operator would have acted under the same or similar circumstances. He breached this duty by, among other acts and/or omissions:

    a.    Failing to keep a proper lookout;

    b.    Failing to maintain control of his vehicle;

    c    Failing to operate his vehicle at a safe speed under the circumstances;

    d.    Failing to take proper evasive action;

    e.    Failing to properly warn other vehicles of his encroachment;

    f.    Failing to timely apply his brakes or to apply his brakes;

    g.    Failing to turn his vehicle in order to avoid colliding with Plaintiff's vehicle;

    h.    Failing to keep in a proper lane;

    i.    Failing to maintain a safe distance between his vehicle and surrounding vehicles;

    j.    Driver inattention;

k.   Failing to yield the right of way;

l.   Violating local and state traffic laws and ordinances; and

m.   Other acts of negligence.

**5.02   Negligence per se**

Defendant's conduct amounts to violations of governmental regulations and/or statutes and constitutes negligence per se. Plaintiffs are members of the class of persons said regulations and/or statutes were intended to protect.

**5.03   Causation**

The above described acts and/or omissions were singularly and severally the proximate cause of the occurrence in question and resulting injuries and damages sustained by Plaintiffs.

**6.00   CAUSES OF ACTION – FIDELITY FREIGHT, LLC**

**6.01   Negligent Hiring, Retention and Supervision**

At all times relevant to this cause of action the Defendant, acting by and through its employees, agents, and/or vice principals, had a duty to act reasonably and prudently as the operator of a trucking operation. The Defendant breached this duty, by failing to exercise the ordinary care a reasonable and prudent trucking operation would have done under the same or similar circumstances, by, among other things:

a.   Failing to implement adequate policies and protections to prevent accidents such as the one made the basis of this suit;

b.   Failing to properly train its truck drivers;

c.   Failing to properly investigate and qualify Defendant Raymond Eugene Daniel as a truck driver before retaining him;

    d.    Failing to put a safe driver on the roadway; and

    e.    Other acts of negligence.

Defendant Fidelity Freight, LLC is independently liable, because Defendant did not use ordinary care in hiring, supervising, training, and retaining Daniel, and the breach of the applicable standard of care by Daniel, as described above, proximately caused injuries to Plaintiffs.

**6.02**    Negligent Entrustment

Defendant Fidelity Freight, LLC and Defendant Daniel's supervisors negligently entrusted the vehicle in which Defendant Daniel was traveling at the time of the occurrence to Daniel when Defendant Fidelity Freight, LLC and Daniel's supervisors knew or should have known that Daniel was an unlicensed, incompetent and reckless driver.

**6.03**    Respondeat Superior

Defendant Fidelity Freight, LLC is liable for Defendant Daniel's negligence as alleged above, pursuant to the doctrine of respondeat superior because Defendant Daniel was acting in the course and scope of his employment or agency with Defendant Fidelity Freight, LLC.

**6.04**    Negligence per se

Defendants' conduct amounts to violations of governmental regulations and/or statutes and constitutes negligence per se. Plaintiffs are members of the class of persons said regulations and/or statutes were intended to protect.

**6.05**    Causation

The above described acts and/or omissions were singularly and severally the proximate cause of the occurrence in question and resulting injuries and damages sustained by Plaintiffs.

**7.00 DAMAGES**

**7.01** As a proximate cause of the above described acts and/or omissions on the part of Defendants, by and through vice principals, agents, employees and/or representatives, Stacy Yohannan and Sabu Yohannan have sustained damages and harm. Plaintiffs seek all damages to which they are entitled at law for personal, emotional, economic, and physical injuries sustained in the past as well as those damages they will continue to sustain in the future as a result of the occurrence in question. Plaintiff Stacy Yohannan has suffered personal injuries and is entitled to damages as a result of the conduct of the Defendants including, but not limited to:

a. medical, hospital, and pharmaceutical expenses, past and future;

b. physical pain and suffering, past and future;

c. mental anguish, past and future;

d. disfigurement, past and future;

e. loss of earnings past and future;

f. loss of earning capacity;

g. physical impairment, past and future;

h. property damage; and

Plaintiff Sabu Yohannan has sustained loss of consortium in the past, and will continue to suffer the effects in the future.

**8.00 REQUEST FOR DISCLOSURE**

Pursuant to TEX. R. CIV.P. 194, Defendants are requested to disclose within (50) days of service of this request, the information or material described in TEX. R. CIV. P. 194.2.

Plaintiffs request that copies of responsive documents and other tangible items be produced by Defendants along with the written responses to this request, or if the responsive documents are

voluminous, that the response state a reasonable time and place for the production of the documents, pursuant to TEX. R. CIV. P. 194.4.

**9.00   REQUEST FOR DEPOSITIONS**

**9.01**   Plaintiffs request dates from Defendants for the depositions of: 1) Raymond Eugene Daniel, 2) Raymond Eugene Daniel's direct supervisor with Fidelity Freight, LLC, and 3) Fidelity Freight, LLC's employee with the highest responsibilities for safe operation of Fidelity Freight's vehicles by drivers, such as the "Safety Director," or similar position.

**10.00   JURY TRIAL**

Plaintiffs respectfully request a jury trial in the above entitled and numbered cause. A jury fee has been tendered to the Clerk.

**11.00   PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein; and that upon final hearing hereof, Plaintiffs receive judgment jointly and severally from the Defendants for:

a. Damages as plead;

b. Costs of court;

c. Prejudgment interest at the highest legal rate allowed by law;

d. Interest on the judgment at the highest legal rate from the date of judgment until collected; and

e. Any and all such further relief in law and equity to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**CRAIN LEWIS BROGDON, LLP**

*[signature]*

**ROBERT D. CRAIN**
State Bar No. 00790525
**DARRELL W. CALVIN, JR.**
State Bar No. 240123723400
Carlisle Street, Suite 200
Dallas, Texas 75204
Phone: (214) 522-9404
Fax: (214) 969-5522
Email: rcrain@crainlewis.com
Email: dcalvin@crainlewis.com

**ATTORNEYS FOR PLAINTIFF**