IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| STACY YOHANNAN, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil No. 3:17-CV-0892-BK |
| | § | |
| RAYMOND EUGENE DANIEL, et al., | § | |
| Defendants | § | |

### PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW, STACY AND SABU YOHANNAN, Plaintiffs in the above-entitled and numbered cause of action, and file this their Plaintiffs' Second Amended Complaint complaining of RAYMOND EUGENE DANIEL and FIDELITY FREIGHT, LLC, Defendants, and would respectfully show the Court as follows:

**1.00   PARTIES**

**1.01**   Plaintiff Stacy Yohannan is a citizen who is a resident of Garland, Dallas County, Texas.

**1.02**   Plaintiff Sabu Yohannan is a citizen who is a resident of Garland, Dallas County, Texas.

**1.03**   Defendant RAYMOND EUGENE DANIEL ("Daniel") is a citizen who is a resident of Jackson, Butts County, Georgia. Said Defendant has answered and appeared herein and no further service of process is necessary at this time.

**1.04**   Defendant FIDELITY FREIGHT, LLC ("Fidelity") is a Georgia limited liability company doing business in Texas. Said Defendant has answered and appeared herein and no further service of process is necessary at this time.

    **1.05**    The members of Fidelity Freight, LLC are:

1.    Julie Nguyen, a citizen who is a resident of Gwinnett County, Georgia;

    **2.00**    **JURISDICTION AND VENUE**

    2.01    This Court has subject matter jurisdiction under 28 U.S.C. 1332 because this is an action between citizens of different states and the amount in controversy exceeds $100,000.00. The Court has personal jurisdiction over Daniel and Fidelity under the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.041, et. seq., because Defendants Daniel and Fidelity committed a tort in Texas and Fidelity does a substantial amount of business in the State of Texas.

    2.02    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because a civil action may be brought in any district in which a Defendant resides, and under 28 U.S.C. § 1391(d), the Defendants are deemed to reside in this district because Texas is a state with more than one judicial district, because Defendants are subject to personal jurisdiction in more than one judicial district, and because Defendants' contacts in this district are sufficient to subject them to personal jurisdiction. Upon information and belief, Defendant Fidelity regularly transports freight in its trucking business on Texas highways to customers such as the US Postal Service in Dallas County, Texas and in other locations in Texas. Upon information and belief, Defendant Daniel regularly transports freight as an over the road truck driver on Texas highways, including those in Dallas County, Texas. Moreover, the incident giving rise to Plaintiffs' cause of action occurred in Dallas County, Texas.

    **3.00**    **FACTUAL BACKGROUND**

    On or about April 8, 2016, at approximately 6:14 a.m., Defendant Daniel was operating a Freightliner tractor pulling a trailer traveling westbound on Interstate Highway 30 in the 4500 block of Mesquite, Dallas County, Texas in the middle lane. Plaintiff Stacy Yohannan was traveling

westbound on Interstate Highway 30 in that same area in the far right-hand lane. Defendant Daniel made an unsafe lane change and collided with Plaintiff's rear, driver-side door causing Plaintiff's vehicle to wrap around the front right headlight and front of Defendant's Freightliner and get hooked and dragged for a considerable distance before Daniel stopped his Freightliner. The collision caused serious injuries to Mrs. Yohannan. At the time of this accident, Defendant Daniel was in the course and scope of his employment with Defendant Fidelity or was operating a vehicle leased to Fidelity subjecting Fidelity to liability under the Federal Motor Carrier Safety Regulations for Daniel's operation of that vehicle.

**4.00   CAUSES OF ACTION – DANIEL**

**4.01**   At all times relevant to this incident, Defendant Daniel had a duty to act as a reasonable employee and truck operator would have acted under the same or similar circumstances. He breached this duty by, among other acts and/or omissions:

a. Failing to keep a proper lookout;

b. Failing to maintain control of his vehicle;

c. Failing to operate his vehicle at a safe speed under the circumstances;

d. Failing to take proper evasive action;

e. Failing to properly warn other vehicles of his encroachment;

f. Failing to timely apply his brakes or to apply his brakes;

g. Failing to turn his vehicle in order to avoid colliding with Plaintiff's vehicle;

h. Failing to keep in a proper lane and making an unsafe lane change;

i. Failing to maintain a safe distance between his vehicle and surrounding vehicles;

j. Driver inattention;

k. Failing to yield the right of way;

    l.    Violating local and state traffic laws and ordinances; and

    m.    Other acts of negligence.

**4.02**    <u>Negligence per se</u>

Defendant's conduct amounts to violations of governmental regulations and/or statutes and constitutes negligence per se. Plaintiffs are members of the class of persons said regulations and/or statutes were intended to protect.

**4.03**    <u>Causation</u>

The above described acts and/or omissions were singularly and severally the proximate cause of the occurrence in question and resulting injuries and damages sustained by Plaintiffs.

**5.00**    **<u>CAUSES OF ACTION – FIDELITY</u>**

    **5.01**    <u>Negligent Hiring, Retention and Supervision</u>

At all times relevant to this cause of action Fidelity, acting by and through its employees, agents, and/or vice principals, had a duty to act reasonably and prudently as the operator of a trucking company. Fidelity breached this duty, by failing to exercise the ordinary care a reasonable and prudent trucking company would have under the same or similar circumstances, by, among other things:

    a.    Failing to implement adequate policies and protections to prevent accidents such as the one made the basis of this suit;

    b.    Failing to properly train its truck drivers, or those operating vehicles leased to it;

    c.    Failing to properly investigate and qualify Defendant Daniel as a truck driver before retaining him, or failing to ensure he was properly qualified;

    d.    Failing to put a safe driver on the roadway; and

  e.  Other acts of negligence.

Defendant Fidelity is independently liable because Defendant did not use ordinary care in hiring, supervising, training, and retaining Daniel, and ensuring he was properly qualified, and the breach of the applicable standard of care by Daniel, as described above, proximately caused injuries to Plaintiffs.

  **5.02**  <u>Negligent Entrustment</u>

Defendant Fidelity and Defendant Daniel's supervisors negligently entrusted the vehicle which Defendant Daniel was operating at the time of the occurrence to Daniel when Defendant Fidelity and Daniel's supervisors knew or should have known that Daniel was an unlicensed, incompetent and reckless driver.

  **5.03**  <u>Respondeat Superior</u>

Defendant Fidelity is liable for Defendant Daniel's negligence as alleged above, pursuant to the doctrine of respondeat superior, because Defendant Daniel was acting in the course and scope of his employment or agency with Defendant Fidelity, or because Fidelity is liable under the Federal Motor Carrier Safety Regulations for Daniel's operation of that vehicle per Section 390.5 of the Federal Motor Carrier Safety Regulations.

  **5.04**  <u>Negligence per se</u>

Defendant's conduct amounts to violations of governmental regulations and/or statutes and constitutes negligence per se. Plaintiffs are members of the class of persons said regulations and/or statutes were intended to protect.

  **5.05**  <u>Causation</u>

The above described acts and/or omissions were singularly and severally the proximate cause of the occurrence in question and resulting injuries and damages sustained by Plaintiffs.

**6.00    DAMAGES**

As a proximate cause of the above described acts and/or omissions on the part of Defendants, by and through vice principals, agents, employees and/or representatives, Stacy Yohannan and Sabu Yohannan have sustained damages and harm. Plaintiffs seek all damages to which they are entitled at law for personal, emotional, economic, and physical injuries sustained in the past as well as those damages they will continue to sustain in the future as a result of the occurrence in question. Plaintiff Stacy Yohannan has suffered personal injuries and is entitled to damages as a result of the conduct of the Defendants including, but not limited to:

a.   medical, hospital, and pharmaceutical expenses, past and future;

b.   physical pain and suffering, past and future;

c.   mental anguish, past and future;

d.   disfigurement, past and future;

e.   loss of earnings past and future;

f.   loss of earning capacity;

g.   physical impairment, past and future;

h.   property damage; and

Plaintiff Sabu Yohannan has sustained loss of consortium in the past, and will continue to suffer the effects in the future.

**7.00   JURY TRIAL**

Plaintiffs respectfully request a jury trial in the above entitled and numbered cause. A jury fee was previously tendered to the Clerk.

**8.00   PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein; and that upon final hearing hereof, Plaintiffs receive judgment jointly and severally from the Defendants for:

a.   Damages as plead;

b.   Costs of court;

c.   Prejudgment interest at the highest legal rate allowed by law;

d.   Interest on the judgment at the highest legal rate from the date of judgment until collected; and

e.   Any and all such further relief in law and equity to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**CRAIN LEWIS BROGDON, LLP**


_/s/ Darrell W. Calvin, Jr._____
**ROBERT D. CRAIN**
State Bar No. 00790525
**DARRELL W. CALVIN, JR.**
State Bar No. 24012372
Carlisle Street, Suite 200
Dallas, Texas 75204
Phone: (214) 522-9404
Fax: (214) 969-5522
Email: rcrain@crainlewis.com
Email: dcalvin@crainlewis.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiffs' Second Amended Complaint has been sent via Certified Mail Return Receipt Requested and/or U.S. Mail and/or Facsimile and/or via ECF filing to all counsel of record on the 29TH day of January, 2018.

_/s/ Darrell W. Calvin, Jr._____
DARRELL W. CALVIN, JR.

---

**PLAINTIFFS' SECOND AMENDED COMPLAINT** Page 8